UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GABRIELA HERMOSILLO-NUNEZ *ex rel.*
F.R.,

Plaintiff,

v.

Civil Action No. 3:26-cv-08-DJH

UNITED PARCEL SERVICE, INC. et al.,

Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Gabriela Hermosillo-Nunez sued Defendants United Parcel Service, Inc. ("UPS Inc."); United Parcel Service Co. ("UPS Co."); General Electric Co.; Boeing Co.; and VT San Antonio Aerospace in Jefferson Circuit Court, asserting claims arising from the death of Trinadette R. Chavez in an explosion resulting from the crash of UPS Flight 2976.  (Docket No. 1-1) Defendants removed the case to this Court on the basis of diversity jurisdiction (D.N. 1), and Hermosillo-Nunez now moves to remand.  (D.N. 64)  She contends that UPS Co. is a citizen of Kentucky and that the parties thus are not completely diverse.  (*Id.*, PageID.384)  UPS Co. opposes remand, arguing that it is a citizen of Georgia.  (D.N. 72)  As explained below, UPS Co. has failed to show that its principal place of business is not Kentucky under the current corporate structure. Because complete diversity is therefore lacking, the Court will remand the case for lack of subject-matter jurisdiction.

## I.

The following facts are set out in attachments to the motion to remand and UPS Co.'s response.  UPS Co. is a wholly owned subsidiary of UPS Inc., incorporated in Delaware.  (D.N. 72-1, PageID.749 ¶¶ 3–4)  The Chairman of UPS Co. is based in Atlanta, Georgia.  (*Id.* ¶ 5)  Its President, President of Flight Operations, President of Aircraft Maintenance and Engineering, Vice

1

President and Chief Counsel, Vice President of Airline Safety, and Vice President of Industrial Engineering are located in Louisville.[1]  (D.N. 64-1, PageID.514–30)  These six officers have various duties at UPS Co.[2]  (*See id.*)  Among them, the Vice President and Chief Counsel "[s]upervises all legal affairs" and "provides advice and counsel to the airline president and other airline c-level managers and their teams, as well as to corporate legal team partners" for UPS Co. (*id.*, PageID.521); the Vice President of Industrial Engineering is "[r]esponsible for all planning and strategy for UPS Airlines and Worldport" (*id.*, PageID.529); and the President of Flight Operations "[e]nsures necessary regulatory safety program elements have been developed, properly integrated, and coordinated throughout the airline [and is] [r]es[p]onsible for [the] Airline Emergency Response plan and accident [or] incident investigation." (*Id.*, PageID.516)  Of the thirty-four officers of UPS Co., twenty-five, including its Chairman, also hold positions as employees or officers of UPS General Services Co., a different UPS Inc. subsidiary based in Atlanta.[3]  (D.N. 72-1, PageID.749 ¶¶ 5–7)  UPS Co. makes no representation as to the location of

---

[1] Hermosillo Nunez includes another profile for a Vice President of International Air Operations, Air Cargo, and Charters, but it appears that this individual left UPS Co. in 2023.  (*See* D.N. 64-1, PageID.520)

[2] The information regarding these six officers comes from their LinkedIn profiles, screenshots of which are attached as exhibits to Hermosillo-Nunez's motion to remand.  (D.N. 64-1, PageID.514–30)  UPS Co. does not challenge this evidence or Hermosillo-Nunez's assertion that it is indicative of the officers' locations and duties.  (*See generally* D.N. 72)  The Court thus may properly consider it. *See Costa v. DODGE Mech. Power Transmission Co.*, 6:22-cv-798-TMC, 2022 WL 22863350, at *4 (D.S.C. Dec. 14, 2022) (considering LinkedIn screenshots submitted by the plaintiff in the absence of evidence of the officers' locations from the defendant); *cf. Paruchuri v. Re.Imagin, Inc.*, No. 22-CV-10998 (VEC), 2023 WL 4266936, at *4 (S.D.N.Y. June 29, 2023) (citing uncontested screenshots of an individual defendant's LinkedIn location as New York, New York, as evidence that that defendant was domiciled in New York).  UPS Co. does contest the relevance or importance of other evidence offered by Hermosillo-Nunez.  (D.N. 72, PageID.733–44)  Because the Court concludes below that UPS Co. has not carried its burden irrespective of the challenged evidence, the Court need not address those arguments.

[3] Even assuming that these twenty-five officers are all distinct from the six officers identified by Hermosillo-Nunez, the Court lacks any information as to at least three officers.

any of its officers other than the Chairman.  (*See id.*)  "Material decisions related to UPS Co.'s corporate policies and management must be reviewed and approved by corporate officers of UPS Inc. located in Atlanta, Georgia" (*id.*, PageID.750 ¶ 11), and "nearly all of UPS Co.'s business department heads report directly to managers of UPS Inc. located in Atlanta, Georgia." (*Id.* ¶ 12) Filings with the Georgia secretary of state since January 2017 and the Kentucky secretary of state since June 2016 list Louisville as UPS Co.'s principal office but also list many of the officers' business addresses as Atlanta.  (*See* D.N. 64-1, PageID.414–38)

## II.

In considering a motion to remand, the Court must "determine whether the action was properly removed in the first place."  *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)).  A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal courts have original subject-matter jurisdiction over civil actions "between . . . citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a)(1).  For diversity purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Its "principal place of business" is the corporation's "nerve center"—i.e., where its "officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

"When removal is based on diversity grounds," the relevant question is "whether complete diversity exist[ed] at the time of removal."  *Roof*, 641 F. App'x at 495 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)).  Complete diversity exists "when 'all parties on

one side of the litigation are of a different citizenship from all parties on the other side of the litigation.'" *Id.* at 495–96 (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). "The party seeking removal carries the burden of establishing diversity jurisdiction by a preponderance of the evidence," *Graves v. Standard Ins. Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (citations omitted), and "all doubts as to the propriety of removal are resolved in favor of remand." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024) (quoting *Coyne*, 183 F.3d at 493)). If subject-matter jurisdiction is lacking, the district court must "remand the case to state court" pursuant to 28 U.S.C. § 1447(c). *Swincher v. Fay Servicing, LLC*, No. 1:25-CV-00015-GNS-HBB, 2026 WL 949007, at *1 (W.D. Ky. Apr. 8, 2026) (citing 28 U.S.C. § 1447(c)).

### III.

It is undisputed that UPS Co. is a Delaware corporation. (D.N. 1, PageID.3 ¶ 9; D.N. 1-1, PageID.35 ¶ 11) Because Hermosillo-Nunez is a Kentucky citizen (*see* D.N. 1, PageID.3 ¶ 8), the existence of complete diversity depends on the location from which UPS Co.'s "officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92–93.

UPS Co. contends that Atlanta, Georgia, is its principal place of business. (D.N. 72, PageID.729) In support, UPS Co. relies heavily on this Court's denial of a motion to remand in *DeVore v. United Parcel Serv. Co. (Air)*, No. 3:21-CV-478-DJH, 2022 WL 509119 (W.D. Ky. Feb. 18, 2022), and denial of reconsideration in the same case, *DeVore v. United Parcel Service Co. (Air)*, No. 3:21-CV-478-DJH, 2023 WL 2658357 (W.D. Ky. Mar. 12, 2023), finding that UPS Co. had demonstrated there that it was a citizen of Georgia. (D.N. 72, PageID.727–28, 730–31, 733, 742, 744) According to UPS Co., "where . . . a parent company exercises substantive control over aspects of a subsidiary's business and directs its overall strategy," that activity "weighs in

4

favor of finding the parent company's location as the subsidiary's 'nerve center' and principal place of business." (D.N. 72, PageID.732; *see id.*, PageID.732–33 (discussing *Elliott v. Yamamoto FB Eng'g, Inc.*, No. 3:17-cv-456-DJH, 2018 WL 852375 (W.D. Ky. Feb. 13, 2018)); *id.*, PageID.735–36 (discussing *Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-cv-00024-GFVT, 2016 WL 3043143 (E.D. Ky. Mar. 27, 2016)))

But "[w]hen a subsidiary chooses to be incorporated separately from its parent, for whatever reason, it is treated as an independent entity for purposes of determining federal court jurisdiction." *Good v. Howmedica Osteonics Corp.*, No. 16-1173, 2017 WL 11716360, at *3 (6th Cir. Dec. 4, 2017) (quoting *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990)); *see DeVore*, 2023 WL 2658357, at *3 (observing that "[t]he Sixth Circuit . . . instructs courts to analyze parent corporations and subsidiaries separately for purposes of determining their principal places of business" (citing *Good*, 2017 WL 11716360, at *3; *Schwartz*, 913 F.2d at 283)). This rule "'applies even where the parent owns all the stock of the subsidiary and exercises close control over its operations,' so long as formal separation is maintained." *Good*, 2017 WL 11716360, at *3 (quoting *Schwartz*, 913 F.2d at 283). A parent company's principal place of business thus "cannot be imputed to [a subsidiary] based on the former's alleged decision-making authority." *Moore v. Leo Burnett Worldwide, Inc.*, No. 07-CV-13007, 2007 WL 2639236, at *1 (E.D. Mich. Sep. 4, 2007). Instead, the nerve-center test focuses on the location of the officers and activities of the corporation whose citizenship is at issue. *See Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R.*, 13 F.4th 560, 573 (7th Cir. 2021) ("If the subsidiary is wholly owned by its parent corporation but also has its own executives in a different state, this other state should be the subsidiary's principal place of business." (citation omitted)); *Topp v. CompAir Inc.*, 814 F.2d 830, 835 (1st Cir. 1987) ("Except in rare instances . . . [,] when a court applies the nerve center test, the

inquiry must be limited to an examination of the subsidiary's own activities, officers and facilities."); *see also Gaete v. Arctic Glacier Premium Ice*, No. 24-cv-1396, 2025 WL 642092, at *5 (E.D. Pa. Feb. 27, 2025) (noting that "[o]ne key consideration" in the nerve-center analysis "is where the president or chief executive officer reports to work" (quoting *Aizen v. Am. Healthcare Admin. Servs., Inc.*, No. 18-15195, 2019 WL 4686811, at *5 (D.N.J. Sep. 26, 2019))).

Here, UPS Co. does not provide evidence that any of its own officers, other than its Chairman, operate out of Georgia as opposed to Kentucky.[4]   (*See* D.N. 72-1; D.N. 72-2) Meanwhile, Hermosillo-Nunez offers undisputed evidence that UPS Co.'s President, President of Flight Operations, President of Aircraft Maintenance and Engineering, Vice President and Chief Counsel, Vice President of Airline Safety, and Vice President of Industrial Engineering are located in, and manage aspects of UPS Co.'s affairs from, Louisville.[5]  (D.N. 64-1, PageID.514–30)  This is a significant departure from *DeVore*, where the unrebutted evidence showed that "all of UPS [Co.]'s . . . officers" were then located in Georgia.  2023 WL 2658357 at *3 (alteration in original) (quoting sworn declaration of UPS Co.'s Chief Financial Officer).   Likewise, in *Pegasus Industries*, an affidavit "verifie[d] that the officers and directors of the [subsidiary] direct[ed], control[led], and coordinate[d] the activities of the [subsidiary] from" the parent's headquarters in Canada.  2016 WL 3043143 at *2; *see id.* at *3 (noting that "[w]hile a corporate subsidiary's citizenship is distinct from a corporate parent's citizenship, . . . nothing prevents the subsidiary from maintaining the same principal place of business as its corporate parent if that location is

---

[4] UPS Co. also submits no evidence of the Chairman's role in corporate decision-making.  (*See* D.N. 72-1; D.N. 72-2)

[5] The evidence submitted by both parties does not address the location of many of the thirty-four officers and does not discuss some officers at all.  (*See generally* D.N. 64-1; D.N. 72-1)  But these gaps in the evidence cannot be construed in UPS Co.'s favor because it bears the burden of showing that removal was proper.  *See Graves*, 66 F. Supp. 3d at 922 (citations omitted).

truly the subsidiary's nerve center" (internal citation omitted)).  And in *Elliott*, corporate decisions were made from the parent company's principal place of business in Japan, whereas there was no evidence beyond an address in a corporate filing pointing to Kentucky citizenship.[6]  2018 WL 852375 at *3.

In sum, evidence that one of UPS Co.'s thirty-four officers is located in Atlanta fails to establish that the company's "officers direct, control, and coordinate [its] activities" from that location, particularly in light of unrebutted evidence that at least six UPS Co. officers, including the President, are located in Louisville.  *Hertz*, 559 U.S. at  92–93; *see Big Shoulders Cap.*, 13 F.4th at 573; *see also Gaete*, 2025 WL 642092, at *5.  Because UPS Co. has not met its burden to show by a preponderance of the evidence that complete diversity existed at the time of removal, the Court will remand the case.[7]  *See Roof*, 641 F. App'x at 495; *Graves*, 66 F. Supp. 3d at 922.

---

[6] While UPS Co. notes that several of its officers and directors have "Atlanta, Georgia business addresses" listed on filings with the Kentucky and Georgia secretaries of state (D.N. 72, PageID.731–32 (citation omitted)), it acknowledges elsewhere in its brief that "corporate filings do not establish the location of a company's nerve center" (*id.*, PageID.740; *see id.*, PageID.740–42).  *See Rivera v. Dollar Tree Stores, Inc.*, No. 6:21-cv-590-RBD-DCI, 2021 WL 3039119, at *1 (M.D. Fla. May 6, 2021) ("[A] corporate filing listing Dollar Tree's principal address, mailing address, and the addresses of several corporate officers did not establish Dollar Tree's principal place of business as required to establish its citizenship." (internal quotations and quotation marks omitted)); *Davis v. Overland Contracting, Inc.*, No. 19-2531-DDC-KGG, 2020 WL 1974259, at *4 (D. Kan. Apr. 24, 2020) (rejecting argument that "defendant's corporate filings['] use [of] a Kansas address for mailing and for its officers and directors" meant that it had Kansas citizenship when that address was "the address of its corporate parent"); *see also Hertz Corp.*, 559 U.S. at 97 ("[W]e reject suggestions . . . that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'").

[7] In light of this conclusion, the Court will not address the pending motion to intervene (D.N. 59). *See Landon v. Cnty. of Daviess Fam. Ct.*, No. 4:20CV-19-JHM, 2020 WL 1066996, at *3 n.2 (W.D. Ky. Mar. 5, 2020) ("Because the Court lacks subject-matter jurisdiction, the Court will deny all pending motions as moot.").

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Hermosillo-Nunez's motion to remand (D.N. 64) is **GRANTED**.  This case is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c).

(2)    ClearPath Mutual Insurance Company's motion to intervene (D.N. 59) is **DENIED** as moot.

July 24, 2026

**David J. Hale, Chief Judge**
**United States District Court**

8